2011 WY 150

**BOARD OF PROFESSIONAL RE-SPONSIBILITY, WYOMING STATE BAR, Petitioner,**

v.

**Mary M. DUNN, WSB No. 6–3391, Respondent.**

**No. D–11–0004.**

Supreme Court of Wyoming.

Nov. 2, 2011.

---

## ORDER OF PUBLIC CENSURE

MARILYN S. KITE, Chief Justice.

[¶ 1]**This matter** came before the Court upon a "Report and Recommendation," filed herein October 12, 2011 by the Board of Professional Responsibility for the Wyoming State Bar. The Court, after a careful review of the Board of Professional Responsibility's Report and Recommendation, the "Stipulated Motion for Public Censure and to File a Report and Recommendation," Respondent's Affidavit, and the file, finds that the Report and Recommendation should be approved, confirmed and adopted by the Court, and that Respondent Mary M. Dunn should be publicly censured for her conduct, which is described in the Report and Recommendation. It is, therefore,

[¶ 2]**ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation, which is attached hereto and incorporated herein (without attachments), shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶ 3]**ADJUDGED AND ORDERED** that Mary M. Dunn is hereby publicly censured for her conduct; and it is further

[¶ 4]**ORDERED** that, pursuant to Section 26 of the Disciplinary Code for the Wyoming State Bar, Ms. Dunn shall reimburse the Wyoming State Bar the amount of $50.00, representing some of the costs incurred in handling this matter, as well as pay the administrative fee of $500.00. Ms. Dunn shall pay the total amount of $550.00 to the Clerk of the Board of Professional Responsi-

bility on or before December 1, 2011; and it is further

[¶ 5]**ORDERED** that the Clerk of this Court shall docket this Order of Public Censure, along with the incorporated Report and Recommendation, as a matter coming regularly before this Court as a public record; and it is further

[¶ 6]**ORDERED** that, pursuant to Section 4(c) of the Disciplinary Code for the Wyoming State Bar, this Order of Public Censure, along with the incorporated Report and Recommendation, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶ 7]**ORDERED** that the Clerk of this Court cause a copy of the Order of Public Censure to be served upon Respondent Mary M. Dunn.

**DATED** this 2nd day of November, 2011.

**BY THE COURT:**

/s/ **MARILYN S. KITE**
**Chief Justice**

D–11–0004

### BEFORE THE BOARD OF PROFESSIONAL RESPONSIBILITY

### WYOMING STATE BAR

### STATE OF WYOMING

*In the matter of MARY M. DUNN, WSB No. 6–3391, Respondent.*

*Docket No. 2011–102*

### REPORT AND RECOMMENDATION

The Board of Professional Responsibility makes the following Report and Recommendation, with its findings of fact, conclusions of law, and recommendation to the Supreme Court of Wyoming:

### FINDINGS OF FACT

1. Respondent is a licensed attorney in the State of Wyoming, Bar # 6–3391. Respondent has submitted an affidavit setting forth the following facts:

2. During 2007, Complainant sought Respondent's representation with respect to a claim for injuries Complainant suffered while in custody on September 17, 2007.

3. On August 21, 2009, Respondent sent Complainant a proposed Limited Representation Agreement under which Respondent agreed to, among other things, draft a governmental claims act notice and a complaint. Complainant signed the agreement on August 28, 2009, with a note that he was signing, "in lieu of our verbal agreement that you would take my case on a contingency basis in order to preserve my ability to sue now that I have two weeks until the time expires."

4. Respondent did not draft a governmental claims act notice on Complainant's behalf, nor did she draft a complaint. Respondent did nothing to preserve Complainant's claim.

5. Respondent is extremely embarrassed by this matter, has apologized for her actions and will take steps in his practice to assure that nothing like this ever happens again.

6. Respondent has agreed that her conduct violated Rules 1.1, 1.3 and 1.4 of the Wyoming Rules of Professional Conduct, and has agreed to the following public censure in this matter.

### CONCLUSIONS OF LAW

7. Standard 2.5 of the ABA Standards for Imposing Lawyer Sanctions states, "Reprimand, also known as censure or public censure, is a form of public discipline which declares the conduct of the lawyer improper, but does not limit the lawyer's right to practice. The commentary to Standard 2.5 discusses the proper circumstances in which to impose a public censure as well as the rationale behind this form of discipline:

> Publicity enhances the effect of the discipline and emphasizes the concern of the court with all lawyer misconduct, not only serious ethical violations. A reprimand is appropriate in cases where the lawyer's conduct, although violating ethical standards, is not serious enough to warrant suspension or disbarment. * * * A repri-

mand serves the useful purpose of identifying lawyers who have violated ethical standards, and, if accompanied by a published opinion, educates members of the bar as to these standards.

8. Standard 3.0 provides, "In imposing a sanction after a finding of lawyer misconduct, a court should consider the following factors:"

(a) the duty violated;

(b) the lawyer's mental state; and

(c) the actual or potential injury caused by the lawyer's misconduct; and

(d) the existence of aggravating or mitigating factors.

9. Misconduct of the sort engaged in by Respondent is addressed in Section 4.0, "Violations of Duties Owed to Clients." Standard 4.4, "Lack of Diligence," provides, in relevant part:

4.42 Suspension is generally appropriate when: (a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.

4.43 Reprimand [i.e., public censure] is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client.

Standard 4.5, "Lack of Competence," provides, in relevant part:

4.52 Suspension is generally appropriate when a lawyer engages in an area of practice in which the lawyer knows he or she is not competent, and causes injury or potential injury to a client.

4.53 Reprimand [i.e., public censure] is generally appropriate when a lawyer: (a) demonstrates failure to understand relevant legal doctrines or procedures and causes injury or potential injury to a client; or (b) is negligent in determining whether he or she is competent to handle a legal matter and causes injury or potential injury to a client.

4.54 Admonition [i.e., private reprimand] is generally appropriate when a lawyer engages in an isolated instance of negligence in determining whether he or she is competent to handle a legal matter, and causes little or no actual or potential injury to a client.

10. Section 9.1 of the ABA Standards for Imposing Lawyer Sanctions provides for consideration of aggravating and mitigating circumstances in deciding on an appropriate sanction. Section 9.21 defines aggravating circumstances as "any consideration, or factors that may justify an increase in the degree of discipline to be imposed." Section 9.31 defines mitigating circumstances as "any considerations, or factors that may justify a reduction in the degree of discipline to be imposed."

a. The applicable aggravating factor is Section 9.22(i)-substantial experience in the practice of law. Respondent was first admitted to practice in Wyoming in 2001.

b. Applicable mitigating factors are:

i. Section 9.32(a)-absence of prior disciplinary record;

ii. Section 9.32(b)-absence of dishonest or selfish motive;

iii. Section 9.32(e)-full and free disclosure to Bar Counsel and cooperative attitude toward proceedings; and

iv. Section 9.32(1)-remorse.

## RECOMMENDATION TO THE SUPREME COURT OF WYOMING

11. As an appropriate sanction for her violations of Rules 1.1, 1.3 and 1.4 of the Wyoming Rules of Professional Conduct, the Board of Professional Responsibility recommends that Respondent: (1) receive a public censure; and (2) be ordered to pay the administrative fee in the amount of $500.00 and administrative costs of $50.00 within ten days of approval of the report and recommendation by the Wyoming Supreme Court.

Dated this 7th day of October 2011.

/s/ Francis E. Stevens
Francis E. Stevens, Chair
Board of Professional Responsibility
Wyoming State Bar

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of this **Report and Recommendation** was mailed by United States Mail, postage prepaid, on October 11, 2011 to the following:

Mary M. Dunn

Attorney at Law

100 North Center Street, 7th Floor

P.O. Box 2542

Casper, WY 82602

and a copy was hand delivered to:

Mark W. Gifford, Bar Counsel

Wyoming State Bar

P.O. Box 109

Cheyenne, WY 82003

/s/ Patricia F. Becklinger
Patricia F. Becklinger, Clerk
Board of Professional Responsibility